[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-13131
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00005-PGB-GJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VALENTINE OKONKWO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 29, 2021)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and LUCK, Circuit
Judges.

PER CURIAM:

Valentine Okonkwo, a federal prisoner, appeals *pro se* the *sua sponte* denial of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The district court ruled that the statutory sentencing factors weighed against granting Okonkwo a sentence reduction. *See id.* § 3553(a). We affirm.

Okonkwo moved to reduce his sentence based on the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018). He sought a reduction based on his age of 58, his medical conditions of hypertension and "cardiac abnormalities," and his risk of being exposed to COVID-19 at FCI Coleman Low. Okonkwo acknowledged that he had been convicted of conspiring to distribute and of distributing oxycodone from his pharmacy, but he contended that he had been the "victim of a scam because fraudsters tricked him when he called the phone number on each prescription to verify [the] legitimacy of the prescription." He argued that he no longer posed a danger to the public because his pharmacy had closed and he had taken classes "beneficial for behavioral modification."

The district court *sua sponte* denied Okonkwo's motion. The district court determined that Okonkwo's conditions of "hypertension, heart disease and left ventricular hypertrophy," which "were being treated with medicine and follow up imaging," "when considered in the context of the [Bureau of Prisons] response to the pandemic, do not constitute 'extraordinary and compelling circumstances' that warrant his immediate release." The district court also determined that Okonkwo's

"possibility of exposure to COVID-19 is not enough to justify [his] release" because "[t]he sentencing factors set forth in 18 U.S.C. § 3553 do not favor [his] release." The district court stated that Okonkwo's "offense of conviction is serious and contributed to the wide-spread abuse of Oxycodone" by "illegally fill[ing] 3,383 prescriptions totaling 563,000 pills" and "dispens[ing] more Oxycodone than the local Publix, Wal-Mart, and CVS combined" "between December 2009 and April 2012." The district court also stated that Okonkwo "continues to present a danger to the community" because he "denie[d] responsibility for his crimes" despite "overwhelming" evidence against him and when "falsified documents, patently fraudulent prescriptions, and undercover recordings" negated his argument that he was framed.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019)). "To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

3

A district "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances. 18 U.S.C. § 3582(c); *see United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020). Section 3582(c), as amended by the First Step Act, gives the district court discretion to "reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable" if a reduction is warranted for "extraordinary and compelling reasons" and "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). So the district court may deny a motion to reduce because no "extraordinary and compelling reasons" exist, because relief is inappropriate based on the statutory sentencing factors, or for both reasons.

We need not address Okonkwo's argument that he was entitled to relief for extraordinary and compelling reasons because we can affirm on the alternative ground stated by the district court that the statutory sentencing factors weighed against his early release. *See Sapuppo*, 739 F.3d at 680. The district court identified the sentencing factors that supported its decision and explained why those factors weighed against early release. It accorded substantial weight to the nature and circumstances of Okonkwo's offense and reasoned that his refusal to accept responsibility posed a continuing danger to the public and that continued imprisonment was required to deter him from committing future similar crimes and

to promote respect for the law. *See* 18 U.S.C. § 3553(a). Okonkwo challenges the determination that the seriousness of his offense outweighed his health issues, but "[t]he weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court," *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). We cannot say that the district court abused its discretion by denying Okonkwo's motion.

We **AFFIRM** the denial of Okonkwo's motion for compassionate release.